CHAUNCY J. CABLE *vs.* WILLIAM BYRNE.

June 15, 1888.

Appeal — Review of Order Granting New Trial. — *Hicks* v. *Stone*, 13 Minn. 398, (434,) and other decisions, followed, sustaining the action of the trial court in setting aside a verdict not supported by a clear preponderance of evidence.

Execution Sale — Unauthorized Condition held Binding on Purchaser. — Upon a sale of personal property on execution, the sheriff made the sale in terms, but without authority, "subject" to a certain mortgage. The execution creditor, having purchased the property under that condition, will not be heard to deny its effect.

Same—Purchaser Charged with Notice of Condition.—The conditions or terms of sale announced at the opening of a public sale affect a purchaser, although he did not come upon the ground until after the announcement of the terms, and although the sale had been suspended and held open for a short time.

Appeal by plaintiff from an order of the district court for Ramsey county, *Simons,* J., presiding, granting a new trial, in an action for conversion.

*H. H. Herbst,* for appellant.

*E. M. Card,* for respondent.

DICKINSON, J.   This is a contest respecting the title to certain personal property; the plaintiff's claim being by virtue of a sale upon execution upon a judgment against one Merrick, the former owner of the property; and the defendant's, under an unrecorded chattel mortgage from Merrick, executed prior to the levy of the execution. A question of fact was involved as to whether or not the officer who made the execution sale sold the property in express terms subject to the mortgage. This was submitted to the jury, and their finding, in effect, that it was not so sold, was set aside by the trial judge, and a new trial ordered, because he deemed this finding not justified by the evidence.

An examination of the case satisfies us that the finding of the jury upon this point was not supported by a clear preponderance of the

evidence. On the contrary, the case affords strong reason for the conclusion that the verdict was opposed to the weight of the evidence; therefore the order granting a new trial should be sustained, unless the result is affected by some other consideration. *Hicks* v. *Stone,* 13 Minn. 398, (434;) *Crosby* v. *St. Paul City Ry. Co.,* 34 Minn. 413, (26 N. W. Rep. 225,) and cases cited; *Taylor* v. *Spaulding,* 36 Minn. 550, (32 N. W. Rep. 863.) But the appellant says that there have been several previous trials with the same result; and urges that therefore the verdict should not be disturbed. The facts as to former trials and verdicts are not so presented in the case that we can consider them as affecting the question under consideration; nor does it appear upon what evidence former verdicts may have been based, or upon what grounds new trials may have been allowed.

The appellant makes the point that, although the officer in terms sold the property subject to the mortgage, it was of no legal effect to qualify the title of the purchaser. The majority of the court are of the opinion that this position cannot be sustained. Although the officer had no authority to prescribe such a condition, and although the sale might have been set aside as irregular, yet the sale was so made. The plaintiff purchased in fact upon that condition, and cannot now be heard, while insisting upon and asserting a title acquired by that sale, to claim that this express condition is not binding upon him. *Stackpole* v. *Glassford,* 16 Serg. & R. 163; *Muse* v. *Letterman,* 13 Serg. & R. 167. The plaintiff, upon whose judgment the execution sale was made, was under no necessity to acquiesce in this condition. If the property had been sold to another purchaser upon such conditions, which were calculated to affect the purchase price, and in reality to give precedence to the unrecorded mortgage, he might have had the sale set aside for irregularity. But, on the other hand, if he chose to accept the unauthorized terms, and to purchase the property as it was offered for sale, for a price presumably less than would otherwise have been bid, because of this condition, he cannot, as against the mortgagee, be now heard to say that the condition was of no legal effect.

The appellant claims that this condition of sale did not affect him as a purchaser, because some little time intervened between the time

of opening the sale, when the announcement was made, and the time when he came to the place of sale and purchased the property. This delay did not affect the case. The sale having been opened, one coming upon the ground after that was affected by any terms which had been previously announced. If he would know upon what terms or under what circumstances the sale was being made, he should make inquiry. It is the opinion of the majority of the court that the order granting a new trial should be affirmed.

Ordered accordingly.