NYE & SCHNEIDER COMPANY, APPELLANT, V. RICHARD FAHRENHOLZ, APPELLANT, ET AL., IMPLEADED WITH A. R. OLESON, APPELLEE.

FILED OCTOBER 6, 1896.   No. 8483.

1. **Judicial Sales:** NOTICE. A purchaser at a judicial sale is charged with notice of the proceedings leading to the sale, including the appraisement.

2. ———: APPRAISEMENT. Appraisers in judicial sales act judicially; and the parties, including the purchaser, are in collateral proceedings bound by the appraisement.

3. ———: ———: LIENS: FORECLOSURE. Where a lien junior to that foreclosed was erroneously, by the appraisers, treated as a senior lien, and its amount deducted from the value of the property in making the appraisement, the purchaser bidding only two-thirds of the appraised value after deducting such lien, and the holder of such junior lien not being a party to the suit, such purchaser cannot be heard, in a subsequent suit to foreclose such lien, to say that it was junior to that under which he bought.

4. ———: LIENS: FORECLOSURE. In such a suit the holder of what was the junior lien is entitled to a decree of foreclosure, and is not compelled to redeem.

5. ———: ———: ———. In such case the former owner of the equity, who is personally liable for both debts, has such an interest that he may insist upon the subjection of the property to the payment of the lien.

APPEAL from the district court of Stanton county. Heard below before EVANS, J.

*Munger & Courtright*, for appellants.

*A. R. Oleson, contra.*

IRVINE, C.

This case has been submitted under rule 2, upon an agreed printed abstract. The facts are that one Colton, who had been the owner of the southeast quarter of section 15, township 23, range 3, in Stanton county, in 1889 contracted to sell the same to one Lindner. March 3,

1892, Lindner assigned the contract of sale to Fahrenholz, executing a mortgage on the premises to Lindner to secure the purchase money of the assignment. Between March 19 and October 15, 1892, the Nye & Schneider Company sold building material to Fahrenholz for the construction of a dwelling-house on the land, and subsequently perfected a mechanic's lien thereon. The land was then subject to three incumbrances: First, the unpaid purchase money due on the contract between Colton and Lindner; second, the mortgage from Fahrenholz to Lindner; third, the plaintiff's mechanic's lien. Lindner had sold his note and mortgage to one Schock, who, in 1893, began a suit to foreclose the mortgage; but he failed to make the Nye & Schneider Company a party to the action. He obtained a decree of foreclosure and there was a sale made thereunder to Oleson. The sheriff having made application to the county clerk for a certificate of incumbrances, the clerk certified as incumbrances against the land the contract, mortgage, and mechanic's lien referred to. The sheriff and appraisers in making the appraisement deducted from the gross value of the land not only the amount due on the Colton contract, but also the amount due on the mechanic's lien as a prior incumbrance, although the lien was in fact junior to the mortgage which was being foreclosed. Oleson purchased at a sum only a few cents greater than two-thirds the appraised value with the mechanic's lien deducted as a prior incumbrance. The Nye & Schneider Company afterwards began this action, not to redeem from the Lindner mortgage, but to foreclose its lien, making Fahrenholz, Colton, and Oleson defendants. The defendant Fahrenholz answered setting up practically the same facts as the plaintiff, and joining in the plaintiff's prayer that the land be subjected to the payment of the mechanic's lien. The district court sustained a demurrer to this answer and, on the trial of the issues between the other parties, found that the plaintiff's lien was junior to the mortgage which formed the basis of the decree under

which Oleson bought, and accordingly refused the plaint-
iff a decree of foreclosure, but offered to permit a redemp-
tion.   The plaintiff declined to redeem and the court en-
tered a judgment of dismissal.

As to the plaintiff, the question presented is the cor-
rectness of the court's holding that it was not entitled
to foreclosure.   We think, upon the record made, this
holding was erroneous.  The appraisement in the foreclos-
ure case was clearly erroneous in treating the lien at that
time as a senior incumbrance, and on motion in that case
undoubtedly the appraisement might have been set aside
and corrected.   To be sure the purchaser was not before
the sale in a position to attack the appraisement; but it
is highly probable that on becoming the purchaser he
was in such a position that he might have made an appli-
cation to the court, which would have given him relief.
That question is not, however, before us, because the ap-
praisement stood without question, Oleson became the
purchaser, the sale was confirmed, and the property con-
veyed to him without any objection to the appraisement,
so far as the record discloses.   Appraisers at such sales
under our law act judicially (*Sessions v. Irwin*, 8 Neb., 5;
*Vought v. Foxworthy*, 38 Neb., 790); and the purchaser at a
judicial sale is charged with notice of the condition of
the title and of the appraisement. (*Norton v. Nebraska
Loan & Trust Co.*, 35 Neb., 466, 40 Neb., 394.)   In the case
cited it was held that the purchaser was not justified in
relying on statements made to him by the sheriff and
clerk, because he was bound to take notice of the record.
We think it follows from these principles that the ap-
praisement, unless set aside, becomes conclusive, and a
portion of the terms of the sale; that, therefore, Oleson
expressly bought subject to the mechanic's lien, and can-
not be heard now to assert that his purchase was on
terms different from those shown by the record.   He con-
tends that the necessary facts do not exist to raise an es-
toppel *in pais;* but this is not a case of estoppel *in pais.*   If
it is an estoppel at all it is one of record.   Indeed, we re-

gard the question as having been settled by the case of *Koch v. Losch*, 31 Neb., 625. It was there held that where a mortgage had been deducted in making an appraisement, the purchasers at the sale were thereafter estopped from denying the validity of the mortgage. It is argued that that case is distinguishable from the present case, because here the purchaser is not disputing the validity of the lien, but merely its priority. We can, however, see no distinction in principle. The principle of the Koch case is that the purchaser is bound by the terms of the sale, and this principle applies as well against disputing the priority of liens, whether established by the decree or the appraisement, as the validity of the liens.

We think, also, that the demurrer to the answer of Fahrenholz should have been overruled. The property was originally subject to both liens. Because the mechanic's lien was deducted in making the appraisement, the land was sold at a less sum than it would have brought had the lien not been deducted. The result of this was a deficiency judgment against Fahrenholz on the mortgage for an amount just so much greater than it otherwise would have been. He is still personally liable to the plaintiff for the debt creating the mechanic's lien, and we think he has such an interest in the controversy as to entitle him to insist upon subjecting the property to the lien. It is argued that he was a party to the foreclosure case and cannot be heard to dispute that record; but he is not disputing it. He is insisting that this case be adjudicated in accordance with the record and that Oleson shall not dispute it.

The judgment of the district court is reversed and the cause remanded, with directions to take an account of the amount due on the mechanic's lien and to enter a decree of foreclosure accordingly.

JUDGMENT ACCORDINGLY.