# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

### ON APPEAL FROM THE COURT OF CHANCERY. AND THE PREROGATIVE COURT.

**MARCH TERM, 1906.**

---

CAMDEN SAFE DEPOSIT AND TRUST COMPANY, respondent (complainant below),

*v.*

CITIZENS' ICE AND COLD STORAGE COMPANY et al., appellants (defendants below).

[Argued March 21st, 1906. Decided March 4th, 1907.]

Where a receiver sells property subject to the lien and encumbrance of a specified mortgage, the purchaser at such sale is thereafter estopped from denying its validity.

---

Appeal of Pennsylvania Iron Works Company from a decree advised by Vice-Chancellor Bergen, whose opinion is reported in *69 N. J. Eq. 718.*

*Mr. Norman Grey,* for the appellants.

*Mr. George Reynolds,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed to foreclose a mortgage given by the Citizens' Ice and Cold Storage Company to the Camden Safe Deposit and Trust Company, as trustee, to secure the payment of forty bonds made by the Citizens' Ice and Cold Storage Company of $1,000 each. To this bill the defendant, the Pennsylvania Iron Works Company, interposed two defences—*first,* that the mortgage was *ultra vires* and therefore invalid and void; *second,* that the bonds which the mortgage was given to secure were sold for less than their face, and that therefore the mortgage, if not absolutely void, is a valid security, only to the extent of the amount actually received for the bonds. It was held by the court of chancery that these defences were not open to it, and a decree was entered for the full amount of the principal which the mortgage purported to secure, less $8,000, which had been paid on account thereof, together with the interest due thereon.

From this decree the Pennsylvania Iron Works Company have appealed.

The material facts necessary to be considered upon this appeal are as follows: Some years after the giving of the mortgage in suit the Citizens' Ice and Cold Storage Company became insolvent, and went into the hands of a receiver. There were at that time other liens upon the mortgaged premises, each of which was of later date than the complainant's mortgage. A controversy having arisen in the insolvency proceedings as to the validity of these subsequent liens, an order was made by the court of chancery directing the receiver to sell the mortgaged premises "free and clear of all liens and encumbrances, excepting only that said property be sold subject to the lien and encumbrance of" the complainant's mortgage. The receiver thereupon offered the premises for sale at public auction upon the terms specified

in the order, but failed to receive a satisfactory bid. The Pennsylvania Iron Works Company then submitted to the receiver a written offer to purchase the property for the sum of $25,000, "free and clear of encumbrances as set out in the order for sale, subject only to the first mortgage held by the Camden Safe Deposit and Trust Company, trustee." This offer was submitted by the receiver to the chancellor, who thereupon directed the property to again be put up for sale at public auction, and fixed the upset price at $25,000. This latter order was executed by the receiver and the property was struck off and sold to the Pennsylvania Iron Works Company for the sum of $25,000, "subject to the lien and encumbrance" of the complainant's mortgage, and to the balance of principal and interest that may be due and that may grow due thereon."

It is apparent from the facts recited that the parties interested in the insolvency proceeding, including those creditors who held liens subsequent in date to the complainant's mortgage, united in conceding the validity of that instrument, and the right of the complainant to enforce it for its full amount less such sums as had been paid upon the principal. It is equally apparent that the Pennsylvania Iron Works Company, by purchasing the premises subject to the complainant's mortgage, got them for a sum less, by just the amount of the mortgage, than it would have done if the sale had been made free from its lien, and reduced by this amount the sum which would otherwise have been raised to satisfy the debts due to the creditors of the insolvent corporation. The injustice of such a claim as it now sets up must condemn it. To repeat, in substance, what was said by Chief-Justice Beasley, speaking for this court in *Warwick* v. *Dawes, 26 N. J. Eq. (11 C. E. Gr.) 556*, a case almost identical in its legal aspect with that now before us: "If the purchaser can succeed in its defences against this mortgage it is painfully obvious that it is allowed to violate the condition upon which it acquired the property as such condition was understood and consented to by it, and by all the other parties interested. By the repudiation of this security it is not the mortgagor, nor its creditors for whose account the sale was directed to be made, who are benefited, but the purchaser, and this to the loss of those

creditors whose claims remain partly unsatisfied by reason of the fact that the sum produced by the sale under the condition stated was insufficient to pay them in full. Nothing can be more inequitable than the claim of this purchaser. It asks the court to help it violate the fair understanding on which the sale was made, and its own express promise, in order that it may retain money which does not of right belong to it and for which it has given absolutely nothing in the way of consideration." In our opinion the circumstances under which the sale was made preclude the appellants from maintaining successfully so unfair a position.

The decree under review should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY—13.

*For reversal*—None.