The bill in this case was filed under the Declaratory Judgments act. The material facts are as follows: In 1922 Eva B. Calverley, the complainant below and the present appellant, obtained a loan from the Ventnor Building and Loan Association. This loan was made upon the security of fifty shares of the stock of the association, which were held by the complainant, but not entirely paid for, and upon the further security of a bond and mortgage upon property owned by her for $10,000, that being the amount of the loan. She afterward obtained a further loan of $2,500 from her daughter, Eva Armstrong, and gave her a bond and mortgage for that amount upon the same property to secure its payment. While these two mortgages were outstanding, the complainant's daughter obtained a judgment by default against her mother for the sum of $6,208.41, and caused an execution to be issued upon that judgment. The sheriff levied upon the property covered by the two mortgages above mentioned, and in due course held a public sale thereof, at which the mortgaged premises were struck off and sold to one Sherman H. Bloch, he being the highest bidder therefor. One of the conditions of the sale recited that the property was sold "subject to municipal assessments, c., that were unpaid; also first mortgage sub Ventnor Building and Loan, $10,000; second mortgage, held by plaintiff, $2,500." The property was struck off to Bloch for $9,000, and he thereupon signed the conditions of sale.
The question presented for determination is whether this purchaser, having bought the property subject to the mortgage of $10,000, is obligated to satisfy it in full, notwithstanding, as appears from the proofs, that it was reduced to a considerably less figure by payments on account made by Mrs. Calverley before the execution sale. The vice-chancellor who heard the case held that he was not, and that his whole obligation, so far as the Ventnor corporation and Mrs. Calverley were concerned, was to pay the amount actually due upon the mortgage at the time of the sheriff's sale. From *Page 216 
the decree entered in conformity with this conclusion the complainant has appealed.
We consider that the conclusion of the vice-chancellor with relation to the obligation of the purchaser was erroneous. The property was offered for sale subject to a mortgage, the amount of which was stated to be $10,000. This announcement was made publicly at the time the property was put up for sale. Everybody present naturally assumed that what would be purchased was the equity of redemption, which would be subject to this $10,000 lien and the other liens referred to in the conditions of sale. In this situation, of course, the bidding was very much less in amount than it would have been had the true situation been stated by the sheriff when the property was offered for sale. If property worth $55,000 is put up for sale by the sheriff under an execution, and he announces that he is selling it subject to a mortgage of $50,000, although two-thirds of the mortgage debt had theretofore been paid, and the purchaser bids it in for $5,000, subject to the amount of that mortgage lien, it would be grossly inequitable to permit him to retain title to the property by the payment of his bid and of the moneys still remaining due upon the mortgage, notwithstanding his contract, and thereby deprive the mortgagor of a large part of the value of the equity of redemption. In dealing with a similar question, Mr. Chief-Justice Beasley, delivering the opinion of this court in the case ofWarwick v. Dawes, 26 N.J. Eq. 548, 556, declared that nothing could be more inequitable than a similar claim of a purchaser under conditions like those existing in the present case; and then states "he asks the court to help him violate the fair understanding on which the sale was made, and his own express promise, in order that he may retain money which does not of right belong to him, and for which he has given absolutely nothing in the way of consideration." The view thus expressed has been accepted and followed in later decisions, and its justness has never been doubted.
Applying the principle of the cited case, we conclude that Bloch, the purchaser, is bound to pay the Ventnor association the total amount of the $10,000 mortgage, with interest; *Page 217 
and that this association, upon receiving the money, is bound, after deducting the sum actually due to it on the mortgage, to pay the balance thereof to Mrs. Calverley, the mortgagor.
For the reason indicated, the decree under review will be reversed.
For affirmance — None.
For reversal — THE CHIEF-JUSTICE, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 10.