No. 29,687.

HOWARD T. FLEESON, *Appellee,* v. WALLACE WHITCOMB (THE SWALLOW AIRPLANE COMPANY), *Appellant.*

(294 Pac. 877.)

Opinion filed January 10, 1931.

*L. C. Gabbert,* of Wichita, for the appellant.

*C. H. Brooks, Willard Brooks, Howard T. Fleeson* and *H. T. Horrell,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action is one in replevin to recover the possession of an airplane. Judgment was rendered in favor of the plaintiff, and defendant Wallace Whitcomb appeals.

A jury was impaneled. Evidence for both plaintiff and the defendants was introduced, and at the close of that evidence the court instructed the jury to return a verdict in favor of the plaintiff, which was done, giving to the plaintiff the airplane or the sum of $360.

1. The principal matter complained of is the sufficiency of the evidence to warrant the court in instructing the jury to return a verdict in favor of the plaintiff. That necessitates a summarizing of the evidence, which showed that Edgar L. Bales Investment Corporation owned the airplane in controversy; that its principal business was to sell securities; that the plaintiff was a stockholder and had been a director in the corporation, but before the transaction out of which this litigation arose had resigned as such director; that he had been employed by the corporation as its attorney at a salary of $75 a month; that the corporation became indebted to the plaintiff in the sum of $593.35, about $90 of which was money expended by the plaintiff for the company; that on December 12, 1929, the corporation by its vice president and treasurer gave to the plaintiff a note for $350 and then gave to the plaintiff a chattel mortgage on the airplane to secure the payment of the note; that the president of the corporation was then absent from the state of Kansas and not functioning as such president; that the mortgage was filed for record on December 17, 1929; that an attachment was levied on the airplane on January 10, 1930, at the suit of the Wichita Air Service; that Wallace Whitcomb in an action against the Bales Corporation had caused an attachment to be levied on the airplane on November 27, 1929, which attachment was later dissolved; that in that action a subsequent attachment was levied on the airplane on January 10, 1930; that in that action judgment was rendered in favor of Whitcomb in the sum of $800; and that on January 22, 1930, the defendant Wallace Whitcomb purchased the airplane from the marshal of the city court of Wichita, who sold it on an order of sale issued in the attachment action in that court in which the Wichita Air Service was plaintiff and the corporation was defendant; that the airplane was sold to L. C. Gabbert, acting for Wallace Whitcomb, for the sum of $475, subject to the mortgage of $350 and interest thereon in favor of the plaintiff. There was no evidence to show that the board of directors of the corporation had authorized the execution of the note or mortgage.

The mortgage had been filed before the attachment under which the airplane was sold was levied. The marshal sold the airplane subject to the mortgage. Wallace Whitcomb bought under those conditions. He cannot be heard to say that his purchase of the airplane was free and clear from the claims of the plaintiff under

his chattel mortgage. If the proceedings by which it was given had been irregular, if the airplane had not been sold subject to the chattel mortgage, and Wallace Whitcomb had not bought it subject thereto, he might be in a position to contest the validity of the chattel mortgage. He is not in such position under the circumstances disclosed by the record in this case. (*Belcher v. Curtis*, 119 Mich. 1; *Cable v. Byrne*, 38 Minn. 534; *Koch v. Losch*, 31 Neb. 625; *Patch Manufacturing Co. v. Gahagan Co.*, 93 N. J. Eq. 73; *Steele, Appellant, v. Walter*, 204 Pa. St. 257.)

2. There was evidence which tended to prove that the Bales Investment Corporation was insolvent at the time the chattel mortgage was given to the plaintiff. It is argued that such insolvency rendered invalid the mortgage given to the plaintiff because it made him a preferred creditor while he was a stockholder in the corporation. Let it be conceded that this argument might be good if Wallace Whitcomb had not, when he bought the airplane, expressly recognized the validity of the mortgage and bought subject to it.

3. Whitcomb contends that the plaintiff cannot rely on the fact that the airplane was sold subject to the mortgage because estoppel was not pleaded. It was not necessary to plead estoppel. In *Hoisington v. Armstrong*, 22 Kan. 110, this court declared that all a plaintiff is required to set forth in his petition in an action in replevin is that he is the owner of the property in controversy, describing it, or that he has a special ownership or interest therein, stating the facts in relation thereto, that he is entitled to immediate possession of the property, and that the defendant unlawfully detains the same from him. That rule was followed in *Batchelor v. Walburn*, 23 Kan. 733, 736, and in *Salisbury v. Barton*, 63 Kan. 552, 66 Pac. 618. In addition to the rule which has just been stated, section 60-3317 of the Revised Statutes would prevent a reversal of this judgment for the matter now complained of. That section prohibits a reversal for errors or irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining.

The judgment is affirmed.