PEOPLE'S TRUST COMPANY OF ST. ALBANS *v.* JAMES F. FINN ET AL.

May Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 2, 1934.

346

*Wm. R. McFeeters* and *P. C. Warner* for the plaintiff.

*A. Pearley Feen* and *W. E. Brisbin* for the defendant Silver Plan, Inc.

THOMPSON, J. This is a proceeding in equity in which the plaintiff seeks to enjoin the defendant, Silver Plan, Inc., hereinafter called the defendant, its agents, attorneys, etc., and, particularly, defendant James G. Finn, who is sheriff of Franklin County, and in whose hands the mortgage was placed for that purpose, from foreclosing a certain chattel mortgage executed by Dollard and Irene Rainville to the defendant. A temporary injunction was granted. Silver Plan, Inc., was the only defendant to enter an appearance and file pleadings. It filed an answer and a cross-bill. There was a hearing before the chancellor, and a finding of facts was filed. There was a decree dissolving the temporary injunction and dismissing the bill and cross-bill. The plaintiff appealed.

It appears from the record that on May 25, 1931, the Rainvilles, who are husband and wife, and live on a farm in the town of Highgate, Vt., executed a first mortgage on a quantity of personal property owned by them to the defendant, Silver Plan, Inc. The condition of the mortgage is that the mortgagors shall pay to the defendant, or its assigns, the sum of $1,500, and no interest, on or before twelve months after date, agreeable to a note for that sum, dated May 25, 1931, signed by the mortgagors, and payable to the order of the defendant in monthly

installments of $125, beginning June 25, 1931, and shall also pay such further sums as the mortgagee may thereafter loan to the mortgagors. Appended to the mortgage is an affidavit in the exact language of the form to be found in G. L. 2788. The mortgage was recorded in the town clerk's office in Highgate on May 28, 1931.

On July 18, 1932, the plaintiff brought an action in general assumpsit against Dollard Rainville in Franklin county court, and caused the property covered by the mortgage to the defendant to be attached. At the April Term, 1933, of said county court, judgment was rendered in favor of the plaintiff against Dollard Rainville for $3,675.35 damages and $36.35 costs of suit. On June 8, 1933, execution was issued on said judgment, and it was placed in the hands of the sheriff of Franklin County. On June 20, 1933, the sheriff levied the execution upon the property described in the attachment, and advertised the same for sale at public auction on July 24, 1933.

At the time of the levy of the execution, there was a second chattel mortgage of record executed by Dollard Rainville to one O. C. McCuin, which covered a part of the personal property upon which the execution was levied.

Within ten days of the levy, the sheriff demanded of the defendant and O. C. McCuin a statement in writing under oath of the amount due on the mortgage of each, as provided by G. L. 2048. The defendant furnished the sheriff with such a statement showing that $740 was due on its mortgage on June 23, 1933. O. C. McCuin furnished the sheriff with a statement showing that $743.69 was due on his mortgage on June 21, 1933.

On July 24, 1933, the sheriff sold the property covered by the mortgage of the defendant on said execution at public auction to the plaintiff for the sum of ten dollars, said sale being made, as appears from the sheriff's return on the execution, "subject to the chattel mortgages of record, one in favor of Silver Plan, Inc., Burlington, and one in favor of O. C. McCuin of Highgate, to which said mortgagees I had made demand in accordance with the statute for a statement in writing, under oath, showing the amount owing under said mortgages, and the Silver Plan, Inc., having furnished said statement showing that there was due them the sum of $740, and the said O. C. McCuin

having disclosed in a like manner that there was owing him the sum of $743.69."

The chancellor found in Finding No. 5 that the $740, which the defendant set forth in its statement to the sheriff as the amount due on its mortgage on June 23, 1933, consisted of two balances, a balance of $640 due on a loan of $800 made by it to the Rainvilles on March 7, 1933, and an unpaid loan of $100 made by it to the Rainvilles on May 20, 1933.

Findings No. 9 to 13, inclusive, are as follows:

"9. The Peoples Trust Company of St. Albans bid in said property at said sale 'subject to the said two chattel mortgages' for the sum of Ten Dollars.

"10. The plaintiff, notwithstanding the purchase at the auction 'subject to said mortgages' has declined to pay the $740.00, the amount unpaid on the two notes set forth in Number 5 of these findings.

"11. On the two notes set forth in Number 5 of these findings $740.00 was the balance unpaid on date of said execution sale.

"12. When the plaintiff, Peoples Trust Company of St. Albans, purchased said property 'subject to said mortgages' they understood, as did all other interested parties, that they were taking said property subject to a lien of $740.00 to the Silver Plan, Inc., as well as a lien for $743.69 to said McCuin.

"Since the amount of the debt of $740 from the Rainvilles to Silver Plan, Inc., was not in fact secured by said mortgage, plaintiff claims that it, in fact, purchased the property in question for ten dollars, encumbered in fact, only by the McCuin mortgage of $743.00, and having paid this McCuin debt and taken an assignment of the McCuin mortgage, plaintiff contends that it is now the absolute owner of said property."

"If plaintiff's contention is upheld, then plaintiff will become the owner of the property in question at a price of ten dollars bid and accepted un-

derstanding that said property was subject to a valid lien of $740.00 to Silver Plan, Inc. That is, plaintiff will in fact be getting said property at a price $740.00 more favorable to it than it, or any other one interested, believed or intended at time of the said sale.''

''13. The validity of the mortgage set forth in No. 1 of these findings (defendant's mortgage) was not questioned prior to or at the time of said sheriff's sale.''

The parties do not agree as to the question that is raised in this case. The plaintiff says that the defendant claims that the purchase by the plaintiff at the execution sale bound it to pay the defendant's mortgage. The defendant did make that claim in its answer and cross-bill, and the prayer of the cross-bill was that the plaintiff pay to the defendant the sum of $740, the amount due on its mortgage. The chancellor found against the defendant on this issue, and dismissed the cross-bill.

It fairly appears from the pleadings and the findings of the chancellor that the plaintiff bases its alleged right to question the validity of defendant's mortgage upon the fact that it paid the debt secured by the McCuin mortgage and took an assignment to itself of that mortgage; that it was thereby subrogated to the rights of McCuin under his mortgage, and, as the debt due to the defendant under its mortgage was invalid as against the McCuin mortgage because of the insufficiency of the affidavit appended to defendant's mortgage, it took the property it purchased at the execution sale free from the lien of defendant's mortgage.

It appears from the findings, and the decree dismissing the plaintiff's bill of complaint, that the chancellor ruled as matter of law that the plaintiff was estopped from denying the validity of the lien of defendant's mortgage. The question before us is whether the chancellor erred in making that ruling. The precise question has not before been passed upon by this Court.

The plaintiff now contends that it may assert in this proceeding whatever rights it had as an attaching creditor and as a purchaser at the execution sale, and rely upon whatever title it acquired which is most favorable to it. The plaintiff

does not allege in its bill its rights as an attaching creditor. as a ground for relief, and it cannot now rely upon them for that purpose. It must recover, if at all, upon the case made by the bill. *Lariviere* v. *Larocque,* 104 Vt. 192, 196, 157 Atl. 826; *Hitchcock* v. *Kennison,* 95 Vt. 327, 334, 115 Atl. 156; *Olmstead* v. *Abbott,* 61 Vt. 281, 289, 18 Atl. 315. Furthermore, as it does not appear that this ground for relief was raised below, it will not be considered by this Court.

It is the general rule that one purchasing property, real or personal, at a sale under order of the court, or on execution subject to a purported lien, is estopped to question the validity or priority of such lien. The estoppel is said to arise from the inequity of permitting one to treat the apparent lien as valid and acquire the property at a price reduced by the amount thereof, only to assail it later and hold the property exempt therefrom.

In *Gibson* v. *Lyon,* 115 U. S. 439, 29 L. ed. 440, 6 Sup. Ct. 129, a certain piece of real estate, which had been mortgaged to secure the sum of $5,000, was sold by order of the orphans' court. The conveyance of the property which was approved by the court, contained a recital that it was under and subject to the payment of the mortgage debt of $5,000. The title of the plaintiff, who was a subsequent purchaser, rested upon that conveyance. The court, when holding that the plaintiff was estopped by the recital in that conveyance to deny the existence of the mortgage and to assert that, in point of law, it was extinguished by the sale ordered by the orphans' court, said: ''If that recital does not create a personal liability for the payment of the debt, enforceable against the purchaser in an action of covenant, it is, nevertheless, a condition upon which his title vested and depends. He certainly cannot be permitted to claim both under and against the same deed; to insist upon its efficacy to confer a benefit and repudiate a burden with which it has qualified it; to affirm a part and reject a part.''

*Patch Manufacturing Company* v. *Wm. A. Gahagan Co. et al.,* 93 N. J. Eq. 73, 114 Atl. 321, 322, affirmed, 93 N. J. Eq. 223, 115 Atl. 926, was a proceeding in equity to foreclose an instrument in the nature of a chattel mortgage which was not recorded as required by the statute.

The plaintiff sold a machine to the Gahagan Company and took the instrument in question to secure certain deferred pay-

ments which amounted to about $1,000. Defendant Edward obtained a judgment against the Gahagan Company. Execution was issued on the judgment, and the machine and other property were sold on the execution to Edward on his bid of $200, subject to the plaintiff's mortgage. Later, Edward sold the machine to defendant Gorman for $940, subject to the plaintiff's mortgage.

The court, when holding that Edward and Gorman were estopped in the foreclosure proceeding to contest plaintiff's mortgage on the ground that it was not recorded as required by the statute, said: "Here Edward furnished all the information to the constable upon which he levied and conducted the sale. He heard the announcement that the sale would be made subject to complainant's mortgage without protest, with the result that persons who otherwise might have bid may have refrained from doing so because of the prior lien of upwards of $1,000. The acknowledgment of the complainant's lien made it unnecessary for it to bid to protect its interests. He accepted a bill of sale in strict compliance with the terms of bidding. If he should now prevail he would obtain the property for about $1,000 less than it might otherwise have sold for, with the result that complainant's lien will be lost and the Gahagan Company continue liable on its notes aggregating $1,000 and interest. To countenance such a contention would be giving aid in support of fraud, a thing that can hardly be expected from a court of equity.

The principle applied in this case was also applied in *Camden Safe Deposit & Trust Co.* v. *Citizens' Ice & Cold Storage Co. et al.*, 71 N. J. Eq. 221, 65 Atl. 980, where it was held that the purchaser of certain bonds sold subject to the mortgage securing their payment, was estopped to deny the validity of the mortgage; and in *Calverley* v. *Ventnor Bldg. & Loan Ass'n*, 107 N. J. Eq. 214, 151 Atl. 609, where it was held that where realty was judicially sold subject to the face amount of a mortgage thereon, the purchaser was bound, notwithstanding payments had been made on the mortgage by the mortgagor, to pay the total amount to the mortgagee, who was bound to pay the excess over its mortgage to the mortgagor. See, also, *Warwick* v. *Dawes*, 26 N. J. Eq. 556.

In *Kellogg & Baker* v. *Secord*, 42 Mich. 318, 3 N. W. 868, personal property was sold on execution subject to a chattel

mortgage filed in a town where the parties did not live. The court, when holding that the purchaser was estopped to deny the validity of the mortgage, said: "What effect the failure to file the chattel mortgage might have had in this case we do not determine. The officer advertised it (the property) for sale subject to the mortgage, and it was so sold. This was a recognition of the fact that the mortgage was a valid subsisting lien on the property, and a notice to purchasers that they would stand in no better position than the mortgagor. Parties purchasing under such circumstances could not well come into court and deny the validity of such a mortgage because not filed in the township clerk's office."

In *Chicago Title & Trust Co.* v. *Prendergast,* 335 Ill. 646, 654, 167 N. E. 769, 772, the court said: "Defendant in error purchased the real estate in question with a full understanding between himself and all of the parties connected with the sale that the price was fixed by deducting the amount of the lien which plaintiff in error is now seeking to foreclose, and equity and good conscience require that he should be estopped from asserting any defense against the validity of such lien."

In *Fleeson* v. *Whitcomb,* 132 Kan. 213, 294 Pac. 877, 878, 75 A. L. R. 1368, the action was replevin for an airplane which had been sold on execution to the defendant subject to the mortgage of the plaintiff. The court said: "The mortgage had been filed before the attachment under which the airplane was sold was levied. The marshal sold the airplane subject to the mortgage. Wallace Whitcomb bought under those conditions. He cannot be heard to say that his purchase of the airplane was free and clear from the claim of the plaintiff under his chattel mortgage. If the proceedings by which it was given had been irregular, if the airplane had not been sold subject to the chattel mortgage, and Wallace Whitcomb had not bought it subject thereto, he might be in a position to contest the validity of the chattel mortgage. He is not in such position under the circumstances disclosed by the record in this case."

Other cases supporting the general rule are: *Belcher* v. *Curtis,* 119 Mich. 1, 77 N. W. 310, 75 A. S. R. 376; *Cable* v. *Byrne,* 38 Minn. 534, 38 N. W. 620, 8 A. S. R. 696; *Koch* v. *Losch,* 31 Neb. 625, 48 N. W. 471; *Nye & Schneider Co.* v. *Fahrenholz,* 49 Neb. 276, 59 A. S. R. 540; *Tospon* v. *Sipe,* 116

Pa. 588, 11 Atl. 873; *Steele* v. *Walter,* 204 Pa. 257, 53 Atl. 1097; and cases in annotation, 75 A. L. R. 1370.

The plaintiff contends that the account rendered to the sheriff by the defendant of the amount due on the debt secured by its mortgage was insufficient in that it should have set forth the dates of the loans constituting the $740 due on the mortgage to enable the plaintiff to exercise its rights, under G. L. 2049-2053, as to whether it would have the property sold subject to or free from the lien of the defendant's mortgage; that, at the time of the sale, the plaintiff had no means of knowing that the $740, claimed to be due on the mortgage debt, was not a part of the original note for $1,500 secured by the mortgage, and it was deceived by the account.

██ This question is not before us. It is not raised by the pleadings, and it does not appear that it was raised in the trial below. The plaintiff filed a bill of exceptions in which it is stated that "the plaintiff took and was allowed exceptions to ruling of the chancellor on pleadings, on the admission and exclusion of evidence and to the decree," and the transcript is referred and made controlling. None of the exceptions have been briefed, and they are therefore waived. It does not appear that any exceptions were taken by the plaintiff to the findings of the chancellor. The case stands here only on the appeal; and the only question before this Court is whether the decree is warranted by the pleadings and supported by the findings. *Clifford* v. *West Hartford Creamery Co.,* 103 Vt. 229, 238, 153 Atl. 205; *Stevens* v. *Flanders,* 103 Vt. 434, 154 Atl. 673; *Brown* v. *Osgood,* 104 Vt. 87, 156 Atl. 876.

What effect the failure to append a proper affidavit to the mortgage of the defendant might have had in this case we do not determine. The property in question was sold to the plaintiff on its bid of ten dollars in strict compliance with the terms of the sale as announced by the sheriff, *i.e.,* subject to the McCuin mortgage of $743.69 and the plaintiff's mortgage of $740; and the plaintiff made no objection to taking the property on that condition.

██ The acknowledgment of the defendant's mortgage by the sheriff and the plaintiff made it unnecessary for it to bid to protect its interests; and persons who otherwise might have bid may have refrained from doing so because of the prior liens amounting to $1,483.65.

■ The plaintiff now claims title to the property by reason of the sale, and, at the same time, attempts to repudiate the condition upon which its title vested and depends. This it cannot be permitted to do. The terms of the sale did not create a direct liability on the part of the plaintiff to pay the debt of either mortgage, but they did create a condition which it must perform to perfect its title to the property.

■ ■ The plaintiff could not, by paying the McCuin mortgage and taking an assignment thereof to itself, be subrogated to the rights of McCuin under that mortgage for the purpose of defeating the lien of the defendant's mortgage. It will be presumed, in the absence of anything appearing to the contrary, that the plaintiff paid the McCuin mortgage in satisfaction of the debt secured by it, and the plaintiff is not to be considered as a purchaser of that security. *Guernsey* v. *Kendall*, 55 Vt. 201, 205; *Steele* v. *Walter*, *supra*.

■ Furthermore, it would be inequitable to permit the plaintiff to get the property now on a bid of ten dollars at a price $740 more favorable to it than it or any other interested party believed or intended at the time of the execution sale.

We hold, on the authority of the cases to which we have referred, that the plaintiff is estopped to deny the validity of the lien of the defendant's mortgage.

It appears from the plaintiff's bill of exceptions that the temporary injunction granted with the original bill and dissolved by the decree was reinstated by the chancellor and continued in force pending the prosecution of the appeal.

*Decree affirmed, injunction dissolved, and cause remanded.*