# TURNER v. BINNINGER ET AL.

(No. 2179; April 22, 1941; 112 Pac. (2d) 568)

For the appellant, the cause was submitted upon the brief of *Judson P. Watson* of Lusk.

28

For the respondent, Olive May Sage, the cause was submitted upon the brief of *Earle H. Reid* of Torrington.

BLUME, Justice.

This is an action brought by W. H. Turner against Webster G. Binninger to quiet title to 320 acres of land in Goshen County, Wyoming, described as the W/2 of the SW/4, the SE/4 of the SW/4, Section 20; The N/2 of the N/2, and the SW/4 of the NW/4 of Section 26, T. 26, R. 61. The plaintiff, in his petition, claimed to be the owner and in possession of the premises. He alleged that Binninger holds a mortgage of $1500 given by Caroline Duckworth, now Buck; that the mortgage is barred by the statutes of limitation. He asked that his title to the premises be quieted. It appears that Webster G. Binninger is deceased. Olive May Sage, is his heir, and she was substituted as party defendant herein. She filed an answer denying the allegations of plaintiff. She also filed a cross-petition, making Caroline A. Duckworth, now Buck, a party herein, and asking the foreclosure of the mortgage above mentioned, alleging that by reason of the absence of Caroline Duckworth, now Buck, from the state for many years, the mortgage is not barred. She also made one Joseph A. Stuckey and Jacob J. Stuckey parties herein, alleging that they claim some interest in the land, which, however, is inferior to the rights of the cross-

petitioner. Caroline A. Duckworth and the Stuckeys did not appear. The plaintiff filed a demurrer to the cross-petition on the ground that the right of plaintiff is barred by the statute of limitation. The court denied plaintiff's petition, found in favor of the cross-petitioner, and ordered the foreclosure of the mortgage as prayed. From that judgment the plaintiff has appealed.

It appears that on September 11, 1920, Caroline Duckworth executed to Petters & Company a mortgage to secure the principal sum of $1500, with interest at 6%, due November 1, 1925. The mortgage was duly recorded on the same day, and was sold to Binninger on October 25, 1920. The mortgage contains a power of sale, to be exercised in case of default. Nothing was paid on the note except $300 on September 20, 1924, and there was due thereon at the time of the decree the sum of $4155.00. When the mortgage was executed, Caroline Duckworth, now Buck, was a resident of Goshen County, Wyoming, but some time in 1928 removed to the State of Idaho, or Oregon, and she is now a resident of Oregon, and has never since her removal returned to this state. The court, accordingly, found that the time of absence from the state should not be computed in determining as to whether or not the foreclosure of the mortgage is barred by limitation. It further appears that Caroline Duckworth, on the same date on which she gave the mortgage for $1500, also gave a second and commission mortgage to Petters & Company for the sum of $313.32, payable in installments, with the last installment due on November 1, 1925; and on which the last payment was made in the sum of $73.22 on September 22, 1924. It was filed for record somewhat later than the first mortgage of $1500.00, recited that the latter is a first mortgage, and that the mortgage of $313.32 was inferior thereto. It also provided that if the mortgagor should fail to pay the first mortgage, the mortgagee might pay the

same, and add the amount thereof to the indebtedness under the second mortgage. The second mortgage was foreclosed by Petters & Company under a power of sale contained in the mortgage, the advertisement, dated May 2, 1938, stating that the land would be sold under that mortgage "subject to first mortgage now of record of $1500," and the court found that this refers to the $1500 mortgage of cross-petitioner. The plaintiff became the purchaser at that sale, for $520, it having been made by the sheriff of Goshen County, and plaintiff received a deed for the premises on March 13, 1939. The court held that the rights of the plaintiff are inferior to those of cross-petitioner and that he is estopped from questioning the priority of the lien of the mortgage of the cross-petitioner.

It is contended by the plaintiff that the absence of the debtor from the state cannot be deducted from the period of limitation of ten years by which an action to foreclose a mortgage is barred, for the reason that the action could have been brought at any time after the indebtedness was due. The cross-petitioner contends the contrary. The courts are in hopeless conflict on that point, as may be seen by the authorities cited in 37 C. J. 994, and Coakley v. Phelan, 179 Okla. 515, 66 P. (2d) 19. The point is not free from doubt, and we prefer to decide the case on other grounds, which, we think, may be done. The sale of the property under the power of sale contained in the second mortgage was, by the notice thereof, made subject to the first mortgage. Such sale is not strictly a judicial sale, or a sale on execution, but is analogous thereto, and there is no reason why the rules relating to the latter should not, in so far as applicable, be applied to sales under a power of sale contained in a mortgage. It is stated in 23 C. J. 770, that "where a sale is made expressly subject to a subsisting lien, or where the purchaser has notice of and recognizes the existence of such lien,

it is generally held that he is thereafter estopped from assailing its validity." We find an exhaustive note on the subject to the case of Fleeson v. Whitcomb, in 75 A. L. R. 1368 (132 Kans. 213, 294 Pac. 877). The note on page 1370 states that "it is generally held that one purchasing property, real or personal, at a judicial sale, subject to a purported lien, is estopped to question the validity or priority of such lien. The estoppel is said to arise from the inequity of permitting one to treat the apparent lien as valid, and acquire the property at a price reduced by the amount thereof, only to assail it later, and hold the mortgage exempt therefrom." The latest pronouncement on the subject, and in harmony with the foregoing, is in People's Trust Company v. Finn, 106 Vt. 345, 175 Atl. 4. The rule was applied in Cable v. Byrne, 38 Minn. 534, 38 N. W. 620, even though the officer selling the property subject to a lien had no authority to do so. The court stated:

"The appellant makes the point that, although the officer in terms sold the property subject to the mortgage, it was of no legal effect to qualify the title of the purchaser. The majority of the court are of the opinion that this position cannot be sustained. Although the officer had no authority to prescribe such a condition * * yet the sale was so made. The plaintiff purchased in fact upon that condition, and cannot now be heard, while insisting upon and asserting a title acquired by that sale, to claim that this express condition is not binding upon him."

The court also stated that if the land had not been sold subject to the lien, it would presumably have been sold for a higher price. The court in Belcher v. Curtis, 119 Mich. 1, 77 N. W. 310, 75 Am. St. Rep. 376, pointed out, under a situation similar to that in the case at bar:

"Other bidders at the sheriff's sale found the property with what appeared to be a valid mortgage upon it. In making their bids, they would necessarily take that fact into consideration. Would it not be unfair to

other bidders and to the mortgagee to enable the judgment creditor to make his bid, and then to allow him to have the mortgage set aside?"

We see nothing unjust in applying the foregoing rule to the case at bar. The fact that the deed did not contain the condition stated in the notice should make no difference. See Welche v. Schoenberg, 45 Misc. 126, 91 N. Y. S. 880. If the notice of sale had not contained the statement that the land would be sold subject to the first mortgage, the mortgagee holding the latter might have appeared at the sale, bid an adequate price for the land, and then might have gone into court to litigate the rights as between herself and the second mortgagee. The notice had a tendency to lull her into security, and induce her not to appear at the sale. There was no reason to appear to protect her interests, when the notice, in effect, stated that she was fully protected. That notice, signed by the second mortgagee, was virtually an acknowledgment, in writing, that the first mortgage was still in force and effect, tolling the statute of limitations so far as such second mortgagee was concerned, and there is no reason for holding that the plaintiff herein should be in better position than if the second mortgagee had been the purchaser. 23 C. J. 748. There is very little, if any, equity in plaintiff's favor. He asks that the title to the property be quieted in him. He acknowledges that the indebtedness due the plaintiff has not been paid. Yet he does not offer to pay it, and do equity, as the authorities generally require. Note 78 A. L. R. 108. The second mortgage was foreclosed under a power of sale 13 years after the cause of action thereon had accrued. Suit in court thereon was barred for three years before that. If foreclosure under power of sale was valid in that case, then, since the situations are substantially alike, the cross-petitioner should still have the right to exercise her power of sale under her mortgage, unless

the fact that the second mortgagee was slightly more diligent than the cross-petitioner makes a difference. We do not say—for it is not necessary to do so—that the cross-petitioner would still have that right. We mention it merely to compare the relative equities in favor of the parties hereto.

The judgment of the district court must be affirmed, and it is so ordered.

*Affirmed.*

RINER, Ch. J., and KIMBALL, J., concur.