## ARNOLD v. NICHOLS.

(No. 906; Decided May 2nd, 1918; 172 Pac. 335.)

APPEAL AND ERROR—BILL OF EXCEPTIONS—TIME FOR PRESENTATION FOR ALLOWANCE—PLEADINGS—SUFFICIENCY OF PETITION IN ACTION TO QUIET TITLE—MORTGAGES—ACQUISITION OF MORTGAGE BY WARRANTOR OF TITLE OPERATES TO DISCHARGE THE LIEN.

1. Where a decree was rendered May 5th and a motion for new trial denied May 13th, and time for the presentation and allowance of a bill of exceptions was neither asked for nor granted, a bill presented for allowance on September 30th, even though signed by the trial judge, should on motion be stricken from the record.

2. A petition in a suit to quiet title and cancel a mortgage, alleging in substance that plaintiff is the owner in fee simple of land therein described by virtue of a warranty deed; that plaintiff's guarantor through mesne conveyances acquired said land under a warranty deed from G. and R., at a time when there was a valid and subsisting mortgage lien of record on said land; that after said mortgage became due G. purchased said mortgage, taking an assignment thereof, and then reassigned it to defendant without recourse, when liberally construed as it must be when attacked for the first time on appeal states a cause of action.

3. Where a grantor of land conveys with warranty land at the time subject to mortgage, a subsequent assignment of the mortgage to him operates to discharge the lien of such mortgage.

ERROR to the District Court, Crook County; HON. E. C. RAYMOND, Judge.

Action by William R. Nichols against Alice Arnold to quiet title to real estate and to cancel a mortgage of record thereon. Decree for plaintiff and defendant brings error.

*L. M. Simons* and *Harry P. Ilsley,* for plaintiff in error.

The evidence shows that it was not the intention of the parties to extinguish the mortgage by the assignment to Ross. Mulholland took no better title or security on his mortgage than Ross had at the time the mortgage was delivered to Mulholland. (Balch v. Arnold, 9 Wyo. 32.) A mortgage is valid and may be enforced as long as the debt which it secures is not barred. (Wiltsie Mortgage Fore. 55, 64, 410; Jones Mtg. 1202; Hughes v. Edward, 9 Wheat, 489; Bank v. Woodman, 62 N. W. 28; Cook v. Prendle, 63 N. W. 180.) The intention of the parties as to merger or discharge of the lien should govern. (Warvelle Abst. 347; 27 Cyc. 1380.) Several cases cited below by counsel for plaintiff may be urged here, but we do not believe them to be in point. (Wood v. Rayburn, 22 Pac. 552.) Jenkins v. Colar, 36 L. Ed. 812, relates to the confiscation acts enacted after the Civil War and is not in point. Allis v. Foley, 147 N. W. 670, is not in point for the reason that the Rosses, Graham and Mulholland took the title as it was at the time of the conveyances referred to in the pleadings. The same is true of Ryan v. U. S., 34 L. Ed. 447. The sufficiency of the petition was properly and sufficiently challenged at the trial before the introduction of the testimony. The allegation of breach of warranty is insufficient in not stating the facts. (2 Bates Pl. & Pr. 1396.) The incumbrance complained of must be specifically averred. (Bates Pl. & Pr., supra; 7 R. C. L. 1194.)

*M. Nichols,* for defendant in error, on motion to strike the bill of exceptions.

The bill should be stricken. No time was requested or allowed for the presentation and allowance of the bill by the trial court. There is no certificate that the bill was presented and allowed within the time given for allowance. The certificate of the trial judge states that no time was asked for and no time given for presentation of allowance. The bill was insufficient. (State v. Palmer (Wyo.), 157 Pac. 695; Cook v. Bolduc (Wyo.), 158 Pac. 266.)

*M. Nichols,* for defendant in error, on the merits.

The evidence shows that Graham joined in a warranty deed to Ross at a time when there was an existing mortgage lien on the land to Wamsley. Graham thereafter bought the Wamsley mortgage and those who acquired the title under Ross had a right to assume that Graham had bought the mortgage to clear the title and made good on his warranty. Graham could not by purchasing this mortgage assert the lien thereof as against those who succeeded to the title which he had warranted. Balch v. Arnold (Wyo.), 59 Pac. 434, cited by appellant, is really an authority in support of our position. Alice Arnold merely succeeded to the rights of Graham, for the reason that the mortgage and note were long past due and she took it with notice of all equities against it. (Rayburn v. Davidson, 29 Pac. 738; McKenna v. Kirkwood, 15 N. W. 898; Wood v. Raymond, 22 Pac. 521; Briggs v. Crawford, 121 Pac. 381.) Graham and those holding under him are estopped from asserting a lien against the title. Mosier v. Carter, 35 L. R. A. 1184; Armstrong v. Portsmouth, 45 Pac. 67.) One who covenants title to be clear will not be permitted to set up after acquired title. (Smith v. Williams, 6 N. W. 662; Dye v. Thompson, 85 N. W. 1113; Morris v. Jansen, 58 N. W. 365; Ryan v. U. S., 34 L. Ed. 447; Moor v. Crawford, 32 L. Ed. 878; French v. Spencer, 16 L. Ed. 97, 100; Renselear v. Kerney, 13 L. Ed. 703; Somers v. Wagner, 131 N. W. 797; Smith v. Hogue, 123 N. W. 827; Allis v. Foley, 147 N. W. 670; Am. & Eng. Enc. of Law, Vol. 11, 402 to 406; Standard Ency. of Procedure, Vol. 6, 137 to 140.) It is no defense that grantee knew of the incumbrance at the time of the purchase. (Eriksen v. Whitscaver, 142 Pac. 413; McGowen v. Myers, 14 N. W. 88; Eaton v. Chesebrough, 46 N. W. 365; Smith v. Ward, 33 L. R. A. N. S. 1030; Ruling Cases, Vol. 7, 1135, Sec. 50; Jones v. H. Cress & Co., 153 Pac. 655.) Many of the authorities cited by plaintiff in error do not apply to this case in view of the facts. It is well settled that one who has conveyed land with a warranty at the time subject to a mortgage made by

him or by another, and thereafter takes an assignment of the mortgage, his assignment operates to discharge the mortgage lien, and if he should reassign the mortgage to another that other cannot succeed to the lien.

Beard, Justice.

The defendant in error, William R. Nichols, brought an action against the plaintiff in error, Alice Arnold, in the District Court to quiet title in him to certain described real estate and to cancel a certain mortgage of record thereon. Decree was entered in favor of plaintiff below, and defendant, Arnold, brings error.

Defendant in error filed a motion to strike the bill of exceptions from the record for the reason that it was not presented for allowance within the required time. The decree was rendered May 5, 1916; the motion for a new trial denied May 13, 1916, and the bill was not presented for allowance until September 30, 1916. The trial judge who signed the bill certifies that "time for allowing bill of exceptions was not asked for or granted." Following the rule announced in International Harvester Co. v. Jackson Lumber Co., 170 Pac. 6, decided by this court January 21, 1918, the motion to strike the bill from the record must be granted and the bill of exceptions is therefore stricken from the record.

In the absence of a bill of exceptions the only question presented by the record here is the sufficiency of the petition to state a cause of action. The petition was not demurred to in the court below and the question is raised for the first time here by the petition in error. While the objection that the facts stated in a petition are insufficient to constitute a cause of action may be made for the first time in this court, the better practice is to do so by demurrer in the trial court. The petition in this case is quite inartificially drawn, but, fairly construed, we think it states a cause of action. It is alleged, in substance, that plaintiff is the owner in fee simple of the land described in the petition by virtue of a warranty deed. That Charles Graham and Menirva J. Ross, prior to

the time plaintiff acquired title to said land, were the owners thereof and conveyed the same by warranty deed to John A. Ross through whom by mesne conveyances plaintiff obtained title. That at the time of said conveyance by said Graham and Menirva Ross the mortgage sought to be cancelled in this action was a valid and subsisting lien of record on said land.

That thereafter and after the debt secured by said mortgage became due, said Graham purchased said mortgage and had the same assigned to him, and thereafter assigned the same, without recourse, to defendant, Alice Arnold, both of which assignments were placed on record. We think the petition when liberally construed, as it must be when attacked for the first time in this court, fairly alleges the warranty of the title against encumbrances by Graham, a breach of the warranty by reason of the existence of the mortgage on the land at the time he conveyed it, and that he thereafter became the owner of the mortgage.

Upon the facts alleged in the petition, the purchase of the mortgage by Graham extinguished the lien. The rule being that payment by one who has warranted against incumbrances extinguishes them. "When one who has conveyed land with warranty, which is subject to a mortgage, whether made by him or by another, afterwards takes an assignment of such mortgage, he holds it for the benefit of the person to whom he has granted the land, and the mortgage is in fact discharged by coming into his hands. Even if he should assign it to one who in good faith pays full consideration for it, the purchaser would acquire no lien upon the land." (2 Jones on Mortgage (7th Ed.), Sec. 867.) The facts stated in the petition in this case brings it within that rule. Graham by his deed covenanted to protect the title against incumbrances; and at that time the mortgage in question was a valid lien upon the land. When he took it up he simply did that which he had agreed to do, and by so doing the lien was extinguished. All he acquired by his purchase of the mortgage, if anything, was a personal claim against the mortgagors, and his assignee, de-

fendant Alice Arnold, took nothing more, especially as the debt secured by the mortgage was then past due.   There being nothing stated in the petition which would tend to take the case out of the rule above stated, the petition stated a cause of action.

No prejudicial error being made to appear by the record, the judgment is affirmed.                              *Affirmed.*

POTTER, C. J., and BLYDENBURGH, J., concur.