**Thomas D. NEWMAN,**
**Appellant (Defendant),**

v.

**AMERICAN NATIONAL BANK,**
**Appellee (Plaintiff).**

**Thomas D. NEWMAN and Jane Rasmussen, Appellants (Defendants),**

v.

**Joe and Gloria GEMELLI,**
**Appellees (Plaintiffs).**

Nos. 89–137, 89–138.

Supreme Court of Wyoming.

Oct. 4, 1989.

Thomas D. Newman, pro se.

A. Joe Hageman, Laramie, for appellant, Jane Rasmussen.

John B. Rogers of Rogers & McElhaney, Cheyenne, for appellee, American Nat. Bank.

Don W. Riske and Stephen M. Kissinger of the Law Office of Don W. Riske, Cheyenne, for appellees, Joe and Gloria Gemelli.

Before CARDINE, C.J., THOMAS, MACY and GOLDEN, JJ., and ROONEY, Ret.J.

ROONEY, Justice, Retired.

This appeal is from a summary judgment in favor of junior mortgagees, such judgment being premised on the proposition that, after foreclosure by the senior mortgagee, the junior mortgages were validated through payment of the redemptive amount by the mortgagor to the senior mortgagee in return for a certificate of redemption and the certificate of sale.

We affirm.

Appellant Newman mortgaged non-agricultural real property owned by him in Laramie County as follows:

1. On April 15, 1985, to the Equality State Bank to secure a note for $25,-000.

2. On July 3, 1985, to appellee American National Bank to secure a note for $6,870.03.

3. On April 1, 1987, to appellees Joe and Gloria Gemelli to secure a note for $18,000.

The same were properly made of record with the County Clerk of Laramie County.

On April 1, 1988, the Equality State Bank foreclosed its mortgage pursuant to a power of sale contained therein, and such bank purchased the property at the sale, receiving a certificate of sale from the sheriff.[1] Then, on May 4, 1988, for value, the Equality State Bank assigned such certificate of sale to appellees Joe and Gloria Gemelli. On June 30, 1988, and in consideration of $29,079.73 (the amount bid at the sheriff's sale plus interest at the rate of 10% per annum from date of sale), appellees Joe and Gloria Gemelli assigned the certificate to the mortgagor, appellant Newman.[2] On July 31, 1988, appellant

---

1. W.S. 1-18-102 provides:

"When real property is sold by virtue of an execution, order of sale, decree of foreclosure or foreclosure by advertisement and sale, the sheriff or other officer, instead of executing a deed to the premises sold, shall give to the purchaser of the lands a certificate in writing describing the property purchased and the sum paid therefor, or if purchased by the plaintiff in execution or by the mortgagee, the amount of his bid. The certificate shall state that the purchaser is entitled to a deed for the property at the expiration of the period of redemption, unless the property is redeemed prior to that date as provided by law. The sheriff or other officer shall record in the office of the recorder of the county a duplicate of the certificate, signed and acknowledged by him, and the certificate or a certified copy thereof is admissible as evidence of the facts therein contained."

2. This is the transaction most pertinent to this appeal. W.S. 1-18-103(a) provides:

"Except as provided with respect to agricultural real estate, it is lawful for any person, his heirs, executors, administrators, assigns or guarantors whose real property has been sold by virtue of an execution, decree of foreclosure, or foreclosure by advertisement and sale within three (3) months from the date of sale, to redeem the real estate by paying to the purchaser, his heirs, executors, administrators or assigns, or to the sheriff or other officer who sold the property, for the benefit of the purchaser, the amount of the purchase price or the amount given or bid if purchased by

the execution creditor or by the mortgagee under a mortgage, together with interest at the rate of ten percent (10%) per annum from the date of sale plus the amount of any assessments or taxes and the amount due on any prior lien which the purchaser paid after the purchase, with interest. On payment of this amount the sale and certificate granted are void."

W.S. 1-18-104 reads, in pertinent part:

"(a) If no redemption is made within the redemption period provided in W.S. 1-18-103, any judgment creditor of the person whose real estate has been sold, or any grantee or mortgagee of the real estate or person holding a lien on the real estate sold is entitled to redeem the same on or before the thirtieth day after the expiration of the applicable redemption period provided in W.S. 1-18-103, by complying with subsections (b) and (c) of this section.

"(b) The redemptioner shall pay to the purchaser or to the officer conducting the sale, the amount bid with interest at ten percent (10%) per annum from the date of sale, and the amount of any assessments or taxes and the amount due on any prior lien which the purchaser may have paid after the purchase, with interest. If the purchaser also has a lien prior to that of the redemptioner, the redemptioner shall also pay the amount of the lien with interest.

"(c) The redemptioner must produce for the purchaser from whom redemption is sought or for the officer who conducted the sale:

Newman assigned the certificate to appellant Rasmussen. On August 2, 1988 (immediately after the expiration of the statutory period for redemption), a sheriff's deed was issued to appellant Rasmussen.

On February 24, 1987, and prior to the third mortgage to Joe and Gloria Gemelli, appellee American National Bank filed a complaint in the district court against appellant Newman to foreclose its second mortgage. On September 16, 1988, appellees Joe and Gloria Gemelli filed a complaint in the same court against appellants Newman and Rasmussen to nullify and declare void the transfer of the certificates of sale from appellees Joe and Gloria Gemelli to appellant Newman and from appellant Newman to appellant Rasmussen, alleging that the transfers were obtained through fraud. They also requested judicial foreclosure of their third mortgage. The two cases were consolidated by the district court for all purposes.

### Validity of the Junior Mortgages

■■■ Appellants argue that the junior mortgagees forfeited any right under their mortgages by not pursuing the statutory scheme of redemption, i.e., by not having certified the redemption and by not recording it.[3] Appellants fail to give proper consideration to the fact that a certificate of redemption and assignment of the certificate of sale was issued *to the mortgagor*, appellant Newman, within the statutory time period for doing so. The consideration therefor was exactly that directed by statute to accomplish a redemption. As statutorily mandated, such payment renders void "the sale and certificate." [4] Additionally, since the certificate was only a lien on the property (*Powers v. Pense*, 20 Wyo. 327, 123 P. 925 (1912)), with the legal title still being in appellant—mortgagor Newman, the acquisition by Newman of the certificate (an equitable interest) merged the two interests and the equitable interest was discharged. *Arnold v. Nichols*, 25 Wyo. 458, 172 P. 335 (1918).

> "Joinder of the ownership in land and of the lien thereon in one person creates a merger and terminates the lien.
>
> "A merger may arise under three circumstances: (a) Where mortgagee acquires the fee; (b) Where the mortgagor acquires the mortgage; and (c) Where a third party acquires both the mortgage and the fee."

Thompson on Real Property, § 4798 at 46 (1981 Supp.) (footnotes omitted).

W.S. 1–18–108 providing for recordation of an assignment of a certificate of purchase does not have pertinency to this matter. Its purpose is to give constructive

---

"(i) A copy of the judgment under which the right of redemption is claimed, duly certified by the clerk of the court in which the judgment was entered, or if redemption is sought under a mortgage or other lien, a copy of the mortgage or other lien *certified by the* clerk of the county; or

"(ii) A copy of any assignment necessary to establish the claim; and

"(iii) An affidavit by himself or his agent showing the amount actually unpaid and due on the lien.

"(d) If the property is redeemed, another redemptioner may within thirty (30) days from the last redemption again redeem from the last redemptioner by paying the amount of the last redemption together with interest at ten percent (10%) per annum from the date thereof, and the amount of any assessment or taxes which the last redemptioner may have paid and the amount of any lien held by the last redemptioner prior to his own, with interest. The property may again, and as often as any redemptioner desires, be redeemed from any previous redemption within thirty (30)

days from the last redemption. If no redemption is made within thirty (30) days after the applicable redemption period provided in W.S. 1–18–103, the purchaser or his assignee is entitled to a sheriff's deed to the property, *or if so redeemed, whenever thirty (30) days* has elapsed and no other redemption has been made, the last redemptioner or his assignee is entitled to a sheriff's deed."

3. W.S. 1–18–108 provides:

"Every certificate given by any officer to any purchaser under W.S. 1–18–101 through 1–18–110, is assignable by endorsement under the hand of the purchaser, his heirs, executor, administrator or assignee. Every person to whom the certificate is assigned is entitled to the same benefits therefrom in every respect that the person named would have been if the certificate had not been assigned, including a deed if the property is not redeemed as provided by law."

4. See last sentence of W.S. 1–18–103(a)—note 2, *supra*.

notice to anyone concerning the status of ownership or other interest in "lands."

"Each and every deed, mortgage, instrument or conveyance touching any interest in lands, made and recorded, according to the provisions of this chapter, shall be notice to and take precedence of any subsequent purchaser or purchasers from the time of the delivery of any instrument at the office of the register of deeds (county clerk), for record."

W.S. 34–1–121(a).

In this instance, appellants had *actual* notice concerning such status as it pertained to the mortgages. Appellant Newman was a party to all three mortgages. He was aware of the foreclosure, of the sale of the certificate of sale to Joe and Gloria Gemelli and of the subsequent sale of it to him. Appellant Rasmussen in her counterclaim recited full knowledge of the status of the mortgages and of the certificate of sale.

■ Where there is actual notice, constructive notice becomes unnecessary. *Globe Mineral Co. v. Anderson,* 78 Wyo. 17, 318 P.2d 373 (1957); *Western Standard Uranium Co. v. Thurston,* 355 P.2d 377 (Wyo.1960).

■ Since the payment made by mortgagor-appellant Newman for the assignment of the certificate of sale and certificate of redemption made *void* the sale and certificate,[5] the rights and obligations of junior mortgagees should be as they were before the sale. Additionally, public policy requires such validation or revival of junior mortgagees. The potential for a mortgagor to eliminate junior mortgagees by allowing a foreclosure by the senior mortgagee and then purchasing the certificate of sale issued to the senior mortgagee is a solid basis for such public policy.

■ In summary, when a mortgagor acquires the equitable interest of the senior mortgagee before it ripens into legal ownership of the property, such interest merges with the mortgagor's legal title, and the senior mortgage ceases to exist. Such is

equivalent to a redemption under W.S. 1–18–103(a) and liens of junior mortgagees are validated. Accordingly, the following provisions of the summary judgment properly reflect the rights and relationship of the parties:

"1. That Sheriff's Deed to Defendant Jane L. Rasmussen should be, and is hereby, declared null, void and of no effect.

"2. Title to the subject property lies in Defendant Jane Rasmussen, subject to the second mortgage of Plaintiffs Joe and Gloria Gemelli and the first mortgage of Plaintiff American National Bank.

"3. That mortgage from Defendant Thomas D. Newman to Plaintiffs Joe and Gloria Gemelli should be, and is hereby, judicially foreclosed. That mortgage from Defendant Thomas D. Newman to Plaintiff American National Bank should be, and is hereby, judicially foreclosed.

"4. Judgment is entered against Defendant Thomas D. Newman and in favor of Plaintiffs Joe and Gloria Gemelli in the amount of Nineteen Thousand Six Hundred Fifty–Nine Dollars and Seven Cents ($19,659.07), plus interest thereon from and after December 19, 1988 at the rate of Four Dollars and Ninety–Six Cents ($4.96) per day, plus Three Thousand Two Hundred Ninety–Eight Dollars ($3,298.00) for said Plaintiffs' costs and attorney's fees in collecting those amounts due and owing under the terms of that promissory note and mortgage from Defendant Thomas D. Newman. Judgment is entered against Defendant Thomas D. Newman and in favor of Plaintiff American National Bank in the amount of Twelve Thousand Six Hundred Fifty-Four Dollars and Ninety-Nine Cents ($12,654.99) plus interest thereon accruing thereon at the rate of Two Dollars and Ninety-Six Cents ($2.96) per day from and after April 17, 1989.

"5. Upon entry of this Order, the subject property is to be advertised and sold pursuant to W.S. 1–18–101 et seq."

5. See last sentence in W.S. 1–18–103(a)—note 2, *supra.*

### Summary Judgment Without a Motion for Such

Appellants also question the ability of the district court to enter a summary judgment in favor of appellee American National Bank absent a motion for such. In its order granting motions for summary judgment, the district court concluded in part:

"There exist no issues of material fact and Plaintiffs Joe and Gloria Gemelli and American National Bank are entitled to judgment as a matter of law. Their Motion for Summary Judgment are granted and Defendant Jane Rasmussen'[s] Motion for Summary Judgment is denied. There exist no issues of material fact regarding Plaintiff American National Bank's right to judgment. Though it has not moved for Summary Judgment, the Court may grant Summary Judgment to a non-moving party when it is entitled to the same and to not do so would result in the waste of judicial resources."

We agree. Although the entry of a summary judgment absent a motion therefor should be a rare occurrence, the entry of a summary judgment in favor of a party plaintiff who moved for such and a failure to do likewise in favor of another party plaintiff who did not move for such, but who is subject to the same material facts and legal issues, would result in additional proceedings on issues already decided in the matter and a "waste of judicial resources."

In this case, motions for summary judgment were made by (1) appellees Joe and Gloria Gemelli against appellant Newman, (2) appellees Joe and Gloria Gemelli against appellant Rasmussen, (3) appellant Rasmussen against appellees Joe and Gloria Gemelli, and (4) appellant Newman against appellee American National Bank. As noted, the case of *Newman v. American National Bank* was consolidated by the district court with that of *Newman and Rasmussen v. Joe and Gloria Gemelli.*

### Issue of Material Fact

Appellant Newman lists as an issue whether or not the summary judgment in favor of Joe and Gloria Gemelli is proper "when there is a genuine issue of material fact as a matter of law, as shown throughout the pleadings," but he does not designate or specify the material fact over which there is disagreement, nor does he argue the issue. In his motion for summary judgment against appellee American National Bank, appellant Newman states that "[t]here is no issue as to any material fact" —a position contrary to that alleged with reference to this issue. This court will not consider or respond to issues alleging error which are not supported by cogent argument and proper citation of authority or which are not clearly defined. *Hance v. Straatsma,* 721 P.2d 575 (Wyo.1986); *Tremblay v. Reid,* 700 P.2d 391 (Wyo. 1985); *Haddenham v. Board of County Commissioners of Carbon County,* 679 P.2d 429 (Wyo.1984) and cases cited therein.

Affirmed.