**Max T. EVANS and Lois Evans, husband and wife, Appellants (Plaintiffs),**

**v.**

**Pete STAMPER, Appellee (Defendant).**

**No. 91–215.**

Supreme Court of Wyoming.

July 28, 1992.

William L. Miller of Miller and Fasse, P.C., Riverton, for appellants.

M.L. Barton of Hill, Young & Barton, P.C., Riverton, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT,* and GOLDEN, JJ.

URBIGKIT, Justice.

The appellate issue we answer is whether a mortgagor's right of redemption was the twelve months established by statute for agricultural property or the shorter redemption time provided for small tracts

* Chief Justice at time of conference.

and platted real estate. The contest develops between the redeeming debtor and foreclosure sale purchaser. The district court applied the twelve month redemption limit and this appeal results.

We affirm.

The pertinent facts are not in dispute. Prior to April 13, 1984, appellee Pete Stamper (Stamper) acquired title to a parcel of real property consisting of approximately forty-two acres. On April 13, 1984, in order to secure Stamper's promissory note in the sum of $25,450, the First Interstate Bank of Riverton, Wyoming (Bank) recorded a mortgage on the property. On September 25, 1986, Stamper conveyed somewhat less than five acres of this property to James T. and Gloria S. Edenfield (Edenfields). Stamper accepted a purchase money mortgage on that parcel from the Edenfields to secure the sale balance of $53,500.

On March 1, 1989, the Bank sued to foreclose its mortgage and, in turn, Stamper sought to foreclose on the Edenfield mortgage. On November 20, 1989, the district court entered a foreclosure decree judgment against the property Stamper had mortgaged to the Bank, including the entire forty-two acres. Now enter the appellants, Max T. and Lois Evans (Evans), who purchased the forty-two acres at the foreclosure sale held on December 27, 1989. On January 26, 1990, the Edenfields gave Stamper a quitclaim deed in lieu of foreclosure, thus settling that aspect of this foreclosure litigation and reunifying title for all of the land secured within the Bank's mortgage.

On December 26, 1990, Stamper exercised his statutory right of redemption by tendering $22,477 to the Fremont County, Wyoming Sheriff's Office. Although the amount tendered was correct, Evans refused to accept the redemption payment. Convinced that Stamper had only three months plus thirty days in which to redeem the five acre parcel sold to the Edenfields, Evans sought a declaration that Stamper could no longer redeem the five acre par-

cel, but could redeem the other thirty-seven acres. Further, Evans sought to establish that the overall value of the forty-two acre parcel was set by the price paid at the sheriff's sale, but that the five acre parcel represented eighty percent of the value of the whole forty-two acres and the remaining thirty-seven acres represented only twenty percent of the overall value.[1]

Stamper, of course, resisted this concept of his statutory redemption right and sought summary judgment, relying on Wyo.Stat. § 1–18–103 (1988):

(a) Except as provided with respect to agricultural real estate, it is lawful for any person, his heirs, executors, administrators, assigns or guarantors whose real property has been sold by virtue of an execution, decree of foreclosure, or foreclosure by advertisement and sale within three (3) months from the date of sale, to redeem the real estate by paying to the purchaser, his heirs, executors, administrators or assigns, or to the sheriff or other officer who sold the property, for the benefit of the purchaser, the amount of the purchase price or the amount given or bid if purchased by the execution creditor or by the mortgagee under a mortgage, together with interest at the rate of ten percent (10%) per annum from the date of sale plus the amount of any assessments or taxes and the amount due on any prior lien which the purchaser paid after the purchase, with interest. On payment of this amount the sale and certificate granted are void.

(b) In the case of any mortgage upon one (1) or more parcels of real estate any or all of which were agricultural real estate on the date of execution of the mortgage as stated in the mortgage, the period within which the owner, his heirs, executors, administrators, assigns or guarantors may redeem the premises sold is twelve (12) months from the date of the sale.

(c) The term "agricultural real estate" means any parcel of land in excess of twenty (20) acres lying outside the exteri-

---

**1.** There are some similarities but also essential differences from the course of transactions de-

veloped in *Newman v. American Nat. Bank,* 780 P.2d 336 (Wyo.1989).

or boundaries of any incorporated city, town or recorded subdivision. If the mortgage recites that the real estate involved is agricultural real estate, it is presumed the parties to the mortgage, their heirs, executors, administrators, assigns, guarantors or successors in interest have agreed to and are bound by all the provisions of law relative to the right of redemption.

■ Essentially, Evans contends the Edenfields would have had three months within which to redeem when their mortgage was foreclosed. If the Edenfields did not redeem within that time, then, pursuant to Wyo.Stat. § 1–18–104 (1988), Stamper would have had an additional thirty days within which to redeem. Wyo.Stat. § 1–18–104 states in part:

(a) If no redemption is made within the redemption period provided in W.S. 1–18–103, any judgment creditor of the person whose real estate has been sold, or any grantee or mortgagee of the real estate or person holding a lien on the real estate is entitled to redeem the same on or before the thirtieth day after the expiration of the applicable redemption period provided in W.S. 1–18–103, by complying with subsections (b) and (c) of this section.

(b) The redemptioner shall pay to the purchaser or to the officer conducting the sale, the amount bid with interest at ten percent (10%) per annum from the date of sale, and the amount of any assessments or taxes and the amount due on any prior lien which the purchaser may have paid after the purchase, with interest. If the purchaser also has a lien prior to that of the redemptioner, the redemptioner shall also pay the amount of the lien with interest.

(c) The redemptioner must produce for the purchaser from whom redemption is

sought or for the officer who conducted the sale:

(i) A copy of the judgment under which the right of redemption is claimed, duly certified by the clerk of the court in which the judgment was entered, or if redemption is sought under a mortgage or other lien, a copy of the mortgage or other lien certified by the clerk of the county; or

(ii) A copy of any assignment necessary to establish the claim; and

(iii) An affidavit by himself or his agent showing the amount actually unpaid and due on the lien.

Neither of these statutes nor relevant authority support Evans' view. They confuse the facts somewhat in describing the Edenfields' mortgage to Stamper to be at that time a "second mortgage." It was junior in time but not necessarily a second mortgage to have been created between identical parties, when it did exist, but it was then ended by a mortgagee's release from Stamper after the reconveyance of the secured real estate from the Edenfields to Stamper. *Cf. Gladstone Hotel, Inc. v. Smith*, 487 P.2d 329 (Wyo.1971). This case presents a foreclosure sale on a first mortgage, not a junior mortgage which is subject to the first mortgage. *Turner v. Binninger*, 57 Wyo. 26, 112 P.2d 568 (1941).

Rights to redeem are statutory. *First Federal Sav. and Loan Ass'n of Salem v. Gruber*, 290 Or. 53, 618 P.2d 1265 (1980). Within the Wyoming statute, the right to redeem arises because of the existence of a mortgage—the right to redeem can come into existence no other way. *See* E. George Rudolph, *The Wyoming Law of Real Mortgages*, ch. V (1969). Here, the foreclosed mortgage was on a single parcel of land and that parcel was agricultural either under the statute as it now stands or as it existed at the time the mortgage was assigned and recorded.[2] Stamper's right to

---

**2.** Wyo.Stat. § 1–18–103 was amended twice after Stamper acquired title to the forty-two acres. At the time of his purchase, "agricultural real estate" needed only to be in excess of five acres. Wyo.Stat. § 1–18–103 (1977). In 1986, subsection (b) was amended to establish the period for redemption of agricultural real estate at twelve

months. 1986 Wyo.Sess. Laws ch. 16, § 1. In 1988, subsection (c) was amended to redefine "agricultural real estate" to require the parcel be *in excess of twenty acres.* 1988 Wyo.Sess. Laws ch. 61, § 1.

We do not find persuasive Evans' citations of authority which involve a statutory change in

redeem accrued because the Bank foreclosed the mortgage which it held with him as the obligor thereon. Had Stamper actually foreclosed on the mortgage given him by the Edenfields, a different right to redeem would have been created by a different mortgage.

Evans incorrectly argues that Stamper could only acquire a right to redeem pursuant to Wyo.Stat. § 1–18–104 when his mortgagors failed to redeem after Stamper's foreclosure. This seriously misconstrues the statutes. We perceive to the contrary that Stamper was not required to redeem under Wyo.Stat. § 1–18–104 when proceeding as the redeeming mortgagor for the forty-two acre agricultural tract and emplaced only to be a junior lien holder on a subdivided tract. He redeemed as an owner whose property had been sold. *Altman v. Schuneman*, 39 Wyo. 414, 273 P. 173 (1929).

■ The only redemption possible was for the parcel sold at foreclosure which meant that if the Edenfields had attempted to protect their purchased real estate interest by redemption, the amount to have been paid would have been the total Stamper balance for which the foreclosure sale had been conducted. *Rowe v. Tucker*, 38 Colo.App. 532, 560 P.2d 843 (1977). Redemption by a partial interest holder requires payment of the entire bid price at the foreclosure sale. Rudolph, *supra*, ch. V at 73.

■ The right to foreclose a mortgage and the right to redeem therefrom are reciprocal. *Gould v. McKillip*, 55 Wyo. 251, 267, 99 P.2d 67, 72 (1940). The character of the property and not its use determines the statutory provisions to be applied in ascertaining the redemption period. *Rowe*, 560 P.2d 843. Under Wyoming law, that delineation is established by acreage size of the mortgaged parcel. Wyo.Stat. § 1–18–103(c). This case, in final result, involved

only one mortgage and conceptually the maxim "once a mortgage, always a mortgage" could be applied. *Cf. Gould*, 55 Wyo. at 264–65, 99 P.2d at 71–72. We liberally construe Wyo.Stat. §§ 1–18–103 and 1–18–104 in favor of the right to redeem so the real estate assets of the debtor pay as many debts as possible. *Tomasko v. Cotton*, 200 Minn. 69, 273 N.W. 628 (1937); 9 John S. Grimes, *Thompson on Real Property* § 4822 (1958); 59 C.J.S. *Mortgages* § 819(b) (1949).

We do not determine an issue not presented here of whether Stamper had to reacquire the legal title to the Edenfield tract in order to protect his mortgage interest in it and preserve the one year period of redemption. The reacquisition did occur.[3] The district court was correct in its conclusion that Stamper, as owner, had twelve months in which to redeem the forty-two acre parcel after the sheriff's sale.

The judgment of the district court is affirmed.

---

period of redemption after the mortgage was executed. No statutory change is presented here as an issue of reduced time. *Brown v. Bateh*, 362 So.2d 841 (Ala.1978); *Mount Morris Sav. and Loan Ass'n v. Barber*, 17 Ill.2d 523, 162 N.E.2d 347 (1959).

**3.** See, however, the discussion of the right to purchase property under a superior lien. *Carpenter & Carpenter, Inc. v. Kingham*, 56 Wyo. 314, 109 P.2d 463, *modified and reh'g denied* 56 Wyo. 314, 350, 110 P.2d 824 (1941).